UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL GLENN KUEHLE, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:17 CV 403 JMB |
| JEFFERSON COUNTY JAIL, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Jefferson County Jail's ("Defendant") Motion to Dismiss (ECF No. 5). On March 3, 2017, this Court entered a show cause order directing Plaintiff Michael Glenn Kuehle, Jr. ("Plaintiff") to show cause in writing no later than April 3, 2017, why this action should not be dismissed for the reasons asserted by Defendant in its motion. (ECF No. 11) In that Order, the Court warned Plaintiff that failure to timely comply as ordered may result in the dismissal of the cause. A review of the Court file shows that the deadline has passed and Plaintiff has neither complied with the show cause order nor requested additional time to comply. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

**I. Factual Background**

Plaintiff filed this cause of action in the Circuit Court of the 23rd Judicial Circuit on October 24, 2016, asserting that while he was incarcerated at Jefferson County Jail, correctional officers and shift supervisors (collectively "jailers") violated his Eighth and Fourteenth Amendment rights. Plaintiff states that the jailers knowingly and intentionally disregarded his serious medical condition, celiac disease, by not providing gluten free meals every meal.

1

On February 2, 2017, Defendant removed this cause of action noting that this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. The undersigned finds that jurisdiction appears to be proper.

**II. <u>Legal Standard</u>**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. V. Twombly</u>, 550 U.S. 544, 570 (2007)). A claim for relief "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." <u>Schaaf v. Residential Funding Corp.</u>, 517 F.3d 544, 549 (8th Cir. 2008) (quoting <u>Twombly</u>, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. <u>Id.</u> at 555-56; Fed. R. Civ. P. Rule 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint do not apply to legal conclusions, however. <u>Iqbal</u>, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

**III. <u>Discussion</u>**

Plaintiff states that the jailers knowingly and intentionally refused to honor his medical diet by

2

providing gluten free meals. The Eighth Amendment's prohibition against cruel and unusual punishment is violated if an inmate is not provided with meals adequate to maintain his health. See e.g., Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996); Wishon v. Gammon, 978 F.2d 446, 449 (8th Cir. 1992) (prisoners have a right to nutritionally adequate food); Campbell v. Cauthron, 623 F.2d 503, 508 (8th Cir. 1980) (prisoners are guaranteed a reasonably adequate diet).

Section 1983 only authorizes suits against any person acting under color of state law who subjects a citizen to the deprivation of constitutional rights. West v. Atkins, 487 U.S. 42, 49 (1988). "County jails are not legal entities amenable to suit." Owens v. Scott County Jail, 328 F.3d 1026, 1027 (8th Cir. 2003) (per curiam) (deciding "county jails are not legal entities amenable to suit"); see also Marsden v. Fed. Bureau of Prisons, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) ("jail is not an entity that is amenable to suit"); Powell v. Cook County Jail, 814 F.Supp. 757 (N.D.Ill. 1993) (jail not subject to suit).

In the Complaint, the only party Plaintiff named as a defendant is Jefferson County Jail. (ECF No. 1-1, Complaint) Accordingly, Plaintiff's Complaint fails to state a viable claim. Therefore, for all of the foregoing reasons, this action will be dismissed.

**IV. Conclusion**

Because a county jail is a distinct juridical entity not subject to suit, Defendant Jefferson County Jail should be dismissed. In the alternative, the Court also determines that dismissal is appropriate pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, due to Plaintiff's failure comply with a court order and to prosecute his case.

**IT IS HEREBY ORDERED** that this action is dismissed without prejudice.  A separate order of dismissal will be entered herewith.

/s/ ***John M. Bodenhausen***
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of April, 2017